UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK BANKS,
 *Petitioner*

  v.

No. 3:21-cv-00158 (JAM)

UNITED STATES OF AMERICA,
 *Respondent.*

ORDER DENYING MOTION FOR RECONSIDERATION
OF DENIAL OF § 2255 MOTION

Petitioner Mark Banks has moved for reconsideration pursuant to Fed. R. Civ. P. 60(b) of

the Court's prior denial of his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. I

will deny the motion on the ground that it seeks relief beyond the scope of Rule 60(b) and

without prejudice to the right of Banks to seek relief before the U.S. Court of Appeals for the

Second Circuit by way of filing a motion to file a second-or-successive motion for § 2255 relief.

BACKGROUND

Banks was previously convicted for unlawful possession of a firearm by a previously

convicted felony offender in violation of 18 U.S.C. § 922(g), and he was sentenced to a term of

212 months of imprisonment.[1] The Second Circuit affirmed his conviction on direct appeal. *See*

*United States v. Banks*, 111 F.3d 124 (2d Cir. 1997) (summary order) (available at 1997 WL

165279). The conviction arose from Banks' committing a purse snatching at which time he was

found to have a firearm in his possession. *Id.* at *1. The trial evidence showed that the firearm

had previously been shipped in interstate commerce from Ohio to Connecticut. *Ibid.* The court of

appeals ruled that this was sufficient evidence to sustain the constitutional authority of Congress

under the Commerce Clause to regulate Banks' possession of a firearm. *Id.* at *1-2 (citing *United*

---

[1] *See United States v. Banks*, 3:95-cr-00167 (JAM) at Doc. #23.

*States v. Sorrentino*, 72 F.3d 294, 296 (2d Cir. 1995) and *United States v. Garcia*, 94 F.3d 57, 65

(2d Cir. 1996)).

In January and February 2021, Banks file initial and supplemental motions for post-

conviction relief pursuant to 28 U.S.C. § 2255. He raised two arguments. First, in light of the

Supreme Court's intervening decision in *Rehaif v. United States*, 588 U.S. ---, 139 S. Ct. 2191

(2019), Banks argued that his conviction was invalid because the government did not prove that

at the time that he possessed the firearm he knew that he had been previously convicted of a

felony offense.[2] Second, Banks argued that because of a change in law he no longer qualified for

enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e).[3]

On June 14, 2021, the Court denied his motions.[4] With respect to the challenge to his

conviction, the Court ruled that Banks' claim was procedurally defaulted and that Banks did not

show cause, prejudice, or actual innocence to excuse the procedural default.[5] With respect to the

challenge to his sentence, the Court ruled that this challenge was not timely.[6]

On November 21, 2023, Banks filed a *pro se* motion for reconsideration of the Court's

order denying his § 2255 motion.[7] He seeks post-judgment relief pursuant to Fed. R. Civ. P.

60(b).[8]

Banks' motion for reconsideration is based on his argument that § 922(g)(1) does not

apply except to the possession of firearms on property that is federally owned or subject to

exclusive federal jurisdiction. He argues that, because he "was not on any federally-owned land

at the time of the offenses charged," that "not only did the United States not have authority to

---

[2] Doc. #3 at 5-6.
[3] *Id.* at 7-9.
[4] Doc. #12.
[5] *Id.* at 8-12.
[6] *Id.* at 13-18.
[7] Doc. #13.
[8] *Id.* at 20, 22.

charge the defendant with such offenses, but this Court lacked jurisdiction to sit in judgment over the conduct."[9]

## DISCUSSION

A federal prisoner may move for post-conviction relief pursuant to 28 U.S.C. § 2255 on the ground that he has been convicted or sentenced in violation of the Constitution or federal law. *See United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018). As a general matter, a § 2255 motion must be filed within one year of a conviction becoming final. *See* 28 U.S.C. § 2255(f); *McCloud v. United States*, 987 F.3d 261, 263-64 (2d Cir. 2021).

Moreover, after a prisoner has filed one § 2255 motion, he may not pursue a second or successive § 2255 motion absent first filing a motion for permission to do so with the court of appeals. *See* 28 U.S.C. § 2255(h); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020). Such a motion must either (1) show that there is newly discovered evidence of actual innocence or (2) cite a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Ibid.*

Meanwhile, Rule 60(b) of the Federal Rules of Civil Procedure allows a plaintiff to seek relief from a prior court order or judgment for multiple reasons, including mistake, newly discovered evidence, fraud, voidness, or any other reasons that may justify a grant of relief. *See* Fed. R. Civ. P. 60(b). This raises the question of whether a prisoner who has previously had a § 2255 motion denied may try to seek relief pursuant to Rule 60(b) in a manner that circumvents the limitations described above on the filing of a second-or-successive § 2255 motion.

The Second Circuit grappled with this conundrum in *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). It ruled that when a prisoner moves for relief under Rule 60(b) from a

---

[9] *Id.* at 7.

prior order denying a § 2255 motion, a district court may entertain the merits of the Rule 60(b)

motion only to the extent that it attacks the integrity of the prior § 2255 proceeding. *Id.* at 82. By

contrast, to the extent that the Rule 60(b) motion is a new attack on the underlying conviction,

then the district court may either transfer the motion to the court of appeals as a second-or-

successive § 2255 motion or deny it on the ground that it seeks relief beyond the proper scope of

Rule 60(b).

Here, it is clear that Banks does not seek to attack the integrity of the Court's prior denial

of his § 2255 motion. He does not raise an argument that has anything to do with the prior

arguments he made for § 2255 relief under *Rehaif* or the Armed Career Criminal Act. Instead, he

seeks to raise a new attack on the integrity of his conviction—to argue that because he did not

possess a firearm on property that was federally owned or within exclusive federal jurisdiction, it

was unconstitutional to apply § 922(g) to him.

It appears that Banks' argument is frivolous. It is well established that Congress has

authority pursuant to the Commerce Clause to bar felons from possessing a firearm under 18

U.S.C. § 922(g) so long as there is proof that the firearm has traveled at some point in time in

interstate commerce. *See United States v. Estremera*, 282 F. App'x 935, 938 (2d Cir. 2008);

*United States v. Gaines*, 295 F.3d 293, 302 (2d Cir. 2002); *United States v. Santiago*, 238 F.3d

213, 215-17 (2d Cir. 2001) (*per curiam*). Banks does not cite any precedent holding that the

Constitution or § 922(g) requires yet additional proof that the felon's possession of a firearm

took place on federal land or property. Multiple courts have rejected that argument. *See Sanders*

*v. United States*, 2012 WL 1416143, at *2 (D. Conn. 2012); *McLaurin v. United States*, 2010

WL 3516427, at *1 (W.D. Ky. 2010); *Davis v. United States*, 2003 WL 21056988, at *2

(E.D.N.Y. 2003).

4

Nevertheless, I decline to reach the merits of Banks' attack on his conviction. Instead, I conclude that, because Banks' Rule 60(b) motion does not attack the integrity of the Court's prior adjudication of his § 2255 motion, it seeks relief beyond the scope of Rule 60(b). Therefore, I will deny his motion for reconsideration. If Banks wishes to pursue his argument that he was not validly convicted because he did not possess a firearm on federal land or property, then he must file a motion with the United States Court of Appeals for the Second Circuit for leave to file a second-or-successive motion for § 2255 relief.

## CONCLUSION

For the reasons set forth in this ruling, the Court DENIES Banks' motion for reconsideration of its prior denial of Banks' motion for post-conviction relief (Doc. #13). Because Banks has not made a substantial showing of the denial of a constitutional right with respect to this order denying his motion for reconsideration, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 23d day of January 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge